UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM C. DAVIS,  )<br>                       )<br>            Petitioner,  )<br>   v.                   )<br>                       )<br>SUPERINTENDENT, Wabash )<br> Valley Correctional Facility,  )<br>                       )<br>            Respondent.  ) | No. 2:12-cv-102-JMS-WGH |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of William C. Davis for a writ of habeas corpus must be denied and the action dismissed with prejudice. Davis' motion to supplement his reply [16] is **granted**. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

Davis is a state prisoner serving the executed portion of a sentence imposed in 2006 following his convictions for three counts of child molesting. His convictions were affirmed on appeal in *Davis v. State*, No. 65A01-0605-CR-212 (Ind.Ct.App. May 2, 2007). The trial court's denial of Davis' petition for post-conviction relief was affirmed on appeal insofar as relevant to the present action in *Davis v. State*, No. 65A01-1004-PC-208 (Ind.Ct.App. Nov. 10, 2011).

Davis now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). Davis signed his petition on April 23, 2012, and his petition was filed with the clerk on April 30, 2012. Davis'

custodian has appeared on behalf of the State of Indiana and argues that the habeas petition was not timely filed. Davis has replied and has recently supplemented his reply.

## II.  Discussion

### A. Applicable Law

In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz*, 208 F.3d 357, 361 (2d Cir. 2000). Under ' 2244(d)(1) of the AEDPA, the statute of limitations for ' 2254 petitions is one year. Subject to exceptions not applicable here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### B.  Analysis

Davis' conviction was "final" for purposes of the AEDPA on June 1, 2007. See *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). This was the last day on which Davis could have filed a petition to transfer to the Indiana Supreme Court. With respect to the appellate decision, Davis had one year from that date, or until June 1, 2008, to seek federal habeas relief.

Davis did file an action for post-conviction relief. This occurred on August 22, 2008. That date was 82 days after the statute of limitations had expired. Because of this, the post-conviction activity is not relevant to the analysis. *Teas v. Endicott*, 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

Applying the prison mailbox rule, Davis' habeas petition can be considered to have been "filed" on the date it was signed. *Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999). This date was April 23, 2012. This date was nearly four years after the statute of limitations expired. Davis' habeas petition was filed long after the statute of limitations expired.

The doctrine of equitable tolling excuses untimely filing when a petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to file his claim on time. Under the AEDPA's equitable tolling provision for habeas cases, the running of the one year statute of limitations may be postponed to "the [earliest] date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. ' 2244(d)(1)(D); see *Taliani v. Chrans*, 189 F. 3d 597 (7th Cir. 1999).

Davis argues that his direct appeal counsel promised to file a petition for transfer and never did so and that, due to segregation and other impediments caused by prison authorities, he could not file his petition in a timely manner.

In *Maples v. Thomas*, 132 S. Ct. 912 (2012), the Supreme Court held that post-conviction counsels' abandonment excused Maples' procedural default. Specifically, Alabama counsel asserted that his only involvement would be to serve as local counsel as a formality and Maples'

other two attorneys departed their New York law firm in the summer of 2002 without seeking the Alabama trial court's leave to withdraw. *Id.* at 916. In May 2003, the trial court denied Maples' petition for post-conviction relief and the clerk mailed copies of the order to local counsel and Maples' other two attorneys at their former New York law firm, which were then returned unopened to the Alabama clerk of court. No timely notice of appeal was filed on Maples' behalf. The Supreme Court explained: "[A]n attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit." *Id.*, at 923 (citing *Holland v. Florida*, 130 S. Ct. 2549, 2567 (2010)(Alito, J., concurring in part and concurring in judgment). The Supreme Court then observed:

> Through no fault of his own, Maples lacked the assistance of any authorized attorney during the 42 days Alabama allows for noticing an appeal from a trial court's denial of postconviction relief. As just observed, he had no reason to suspect that, in reality, he had been reduced to pro se status. Maples was disarmed by extraordinary circumstances quite beyond his control. He has shown ample cause, we hold, to excuse the procedural default into which he was trapped when counsel of record abandoned him without a word of warning.

*Maples,* 132 S. Ct. at 927.

In *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003), the petitioner's attorney claimed that a series of physical and mental maladies prevented him from completing the petition and filing it on time. The district court rejected this argument and dismissed Modrowski's petition as untimely. In affirming the district court's dismissal of the § 2254 petition as untimely, the Seventh Circuit held that "attorney incapacity is equivalent to attorney negligence for equitable tolling purposes." *Modrowski* further explained that:

> Nonetheless, we hold the prisoner responsible for his attorney's bungling. Likewise, a prisoner cannot prevent his attorney from becoming incapacitated, and there is no reason, however unfortunate the result, not to hold the prisoner responsible in this type of situation, as well.

*Modrowski*, 322 F.3d at 968. Similarly, Davis is responsible for ensuring that his petition was filed. His failure to do so resulted in the filing of an untimely federal petition.

Davis offers in partial explanation for the untimely filing that his attorney promised to file a petition to transfer to the Indiana Supreme court but failed to do so. Although the deficient performance of counsel can satisfy the "cause" element of the cause and prejudice test, *Murray v. Carrier,* 477 U.S. 478, 488 (1986), this is available only if that ineffectiveness itself constitutes an independent constitutional claim. *Id.,* at 488-499. No such claim could be supported here, however, because there can be no ineffectiveness of counsel argument predicated on the performance of counsel at a time when the Sixth Amendment right to counsel was not in effect, *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.), *cert. denied,* 117 S. Ct. 266 (1996), and Davis had no right to the effective assistance of counsel in a discretionary appeal to the Indiana Supreme Court. *Ross v. Moffitt,* 417 U.S. 600, 610 (1974); *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2003)("The constitutionally secured right to counsel ends when the decision by the appellate court is entered."); *Buelow v. Dickey,* 847 F.2d 420, 426 (7th Cir. 1988)("there is no right to competent counsel in a discretionary appeal such as the Buelows' appeal to the state supreme court"). Counsel's failure to act when the Sixth Amendment does not require action can hardly excuse anything.

Davis also argues in the supplement to his reply that the trial, pretrial hearing and deposition transcripts were not furnished to him until eight months after the conclusion of his direct appeal, despite Davis' due diligence in securing the transcripts. The Seventh Circuit has held that equitable tolling does not excuse a late filing simply because the petitioner was unable to secure a complete trial transcript before he filed his petition under 28 U.S.C. ' 2254. *Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002).

The circumstances surrounding Davis' failure to file a timely federal habeas petition, including counsel's inaction and Davis' inability to secure transcripts, do not support application

of the doctrine of equitable tolling. Accordingly, the AEDPA's 1-year statute of limitations requires dismissal of Davis' petition.

### IV. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Davis has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore dismissed. Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Davis has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/24/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

William C. Davis
920421
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN  47838

Henry.flores@atg.in.gov